UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| THE ESTATE OF MRS. EVA R. BUENAVENTURA )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EXECUTIVE OFFICE OF THE )<br>PRESIDENT, et al., )<br>)<br>)<br>Defendants. ) | No. 2:23-cv-00325-JDL |

ORDER ACCEPTING THE RECOMMENDED DECISION OF THE
MAGISTRATE JUDGE and *COK* WARNING

Ian Buenaventura, proceeding *pro se*, filed a complaint (ECF No. 1) on behalf of the estate of his mother, Eva R. Buenaventura, against the President of the United States, the Secretary of Defense, and multiple unspecified entities, individuals, and foreign nations alleging an assortment of constitutional, statutory, and common law claims. On October 2, 2023, United States Magistrate Judge John C. Nivison filed his Recommended Decision (ECF No. 7) to dismiss the complaint. Buenaventura objects (ECF No. 11) to the Recommended Decision, though his objection generally reiterates claims alleged in the complaint and raises concerns about the consequences of dismissal, largely without challenging the Magistrate Judge's "specified proposed findings or recommendations." 28 U.S.C.A. § 636(b)(1) (West 2023).

Some portions of Buenaventura's lengthy objection can, however, be reasonably read as contesting specific findings and recommendations. First, under a section entitled "Liberal construction of pleadings," Buenaventura argues that "the

1

legal basis for relief [is] 'bolstered' by specifics on [sic] the complaint," ECF No. 11 at 2, which can be fairly viewed as challenging the Magistrate Judge's finding that "none of [the defendants'] conduct is described in any detail," ECF No. 7 at 3. The specifics Buenaventura points to, however, only repeat some of his general claims— "[unlawful] surveillance, suppression of expression, my mother's name being defamed, privacy of my mother being invaded, threats, attempt on my and family's lives, and improper withholding of documents and/or information," ECF No. 11 at 2— without tying those claims to any particular alleged misconduct perpetrated by any particular defendant.

In a similar vein, Buenaventura, citing 28 U.S.C.A. § 1915(e)(2)(B) (West 2023), faults the Recommended Decision for not including "particulars . . . extrapolating how the facts (e.g., surveillance, suppression of speech, racketeering activities, concealment, threats) on [sic] the complaint are deemed to be frivolous or malicious." ECF No. 11 at 8–9. Again, Buenaventura confuses claims for facts and otherwise mischaracterizes the Recommended Decision, which recommends dismissal after implying that the complaint's allegations are not credible and meritless. Separate and apart from the rationale underlying the Magistrate Judge's recommendation, dismissal is warranted; the complaint does not state cognizable claims because it fails to detail the alleged misconduct and to attribute that misconduct to the defendants (and, often, to any particular individual or entity). *See Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) ("The complaint must include 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" (quoting *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009))). Buenaventura's claims are "manifestly insufficient as a matter of law" and, therefore, are frivolous. *See Frivolous*, Black's Law Dictionary (11th ed. 2019).

Even assuming that the claims in the complaint are not frivolous—which they are—Buenaventura's objection would still fail. His best developed point of objection challenges the Magistrate Judge's recommendation that dismissal is appropriate because courts are "not vested with jurisdiction to consider pleadings signed by a non-lawyer on behalf of another person." ECF No. 7 at 3 (quotation marks omitted). Buenaventura's objection effectively concedes that he is a non-lawyer attempting to represent his mother's estate but enlists caselaw to argue that mechanically dismissing him on that basis without balancing his interests against the government's violates due process. Buenaventura's main support for his position is the dissent in *Reshard v. Britt*, 839 F.2d 1499, 1499–1504 (11th Cir. 1988) (en banc) (mem.). Setting aside that this out-of-circuit, minority opinion is marginally persuasive precedent, the facts in *Reshard* are sufficiently distinguishable from present circumstances so as to be irrelevant. In the *Reshard* dissent, Judge Tjoflat accepted that 28 U.S.C. § 1654 ("Appearance personally or by counsel") implicitly prohibits a litigant from proceeding without a lawyer in any case other than his own but questioned whether the plaintiffs in the underlying case fell within that prohibition. 839 F.2d at 1501. The basis for Judge Tjoflat's doubts were that those plaintiffs—who had been appointed to legally represent the estate of a decedent relative—sought to recover on a wrongful death claim under a state statute that expressly and exclusively authorized a decedent's representative to bring such claims.

*Id.* Here, by contrast, Buenaventura does not bring any claims that he has legal authority to litigate as the representative of his mother's estate—nor does the complaint allege sufficient facts to establish that he has been duly appointed to that role even if he did. The upshot is that *Reshard* is inapt and, in any event, does not alter the prevailing rule in the First Circuit that section 1654 "bar[s] a non-lawyer from representing anyone but himself." *O'Diah v. Volkswagen of Am., Inc.*, 91 Fed. Appx. 159, 160 (1st Cir. 2004) (citing *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982)); *see also Est. of Att'y Simon M. Buenaventura v. Exec. Off. of the President*, No. 23-1651 (1st Cir. 2023) (unpublished) ("[A]ppellant is not an attorney or the administrator of his father's estate and, as such, may not represent the interests of the estate in federal court.").

In sum, after reviewing de novo the portions of the Recommended Decision to which Buenaventura objects, I concur with the Magistrate Judge's recommendations and determine that no further proceeding is necessary.

### *COK* Warning

Finally, this is the second of three complaints that Ian Buenaventura has filed in this Court in the last eight months, all alleging similar, unactionable claims beyond the Court's jurisdiction. *See* Compl., *Est. of Att'y Simon M. Buenaventura v. Exec. Off. of the President*, No. 2:23-cv-00211-JDL (D. Me. May 19, 2023), ECF No. 1; Compl., *Est. of Mrs. Eva R. Buenaventura v. Exec. Off. of the President*, No. 2:23-cv-00325-JDL (D. Me. Aug. 20, 2023), ECF No. 1; Compl., *Doe 3 v. Exec. Off. of the President*, No. 2:23-cv-00358-JDL (D. Me. Sept. 21, 2023), ECF No. 1. As discussed, Buenaventura's claims in this case are frivolous, as are the claims in the

4

other two complaints he filed in this Court as a non-attorney on behalf of third parties. "[F]rivolous filings waste judicial resources" and inhibit the resolution of substantial matters within the Court's jurisdiction. *Adams v. Adams*, No. 1:17-cv-00200-GZS, 2019 WL 2814627, at *1 (D. Me. July 2, 2019).

In light of Buenaventura's repeated frivolous filings, the Court hereby issues a *Cok* warning: **Any further frivolous filings by Buenaventura, in this docket or in any pending or new case, may result in an immediate order restricting his ability to file documents with the Court.** *See Cok v. Fam. Ct. of Rhode Island*, 985 F.2d 32, 35–36 (1st Cir. 1993). Those restrictions may include: requiring Buenaventura to append an affidavit to future pleadings stating that the pleadings do not raise the same issues that this Court has previously dismissed, together with a concise summary of the claim(s); limiting his ability to file documents within a new action without Court approval; limiting the number and length of Buenaventura's filings; and other restrictions to screen out frivolous filings. *See United States v. Gómez-Rosario*, 418 F.3d 90, 101 (1st Cir. 2005) (noting that federal courts may "enjoin a party—even a *pro se* party—from filing frivolous and vexatious motions"); *Procup v. Strickland*, 792 F.2d 1069, 1072–73 (11th Cir. 1986) (listing illustrative restrictions).

It is therefore **ORDERED** that the Magistrate Judge's Recommended Decision (ECF No. 7) is hereby **ACCEPTED**, and the complaint (ECF No. 1) is **DISMISSED** with prejudice.

**SO ORDERED.**

**Dated this 5th day of January, 2024.**

                                                                                 /s/ Jon D. Levy  
                                                **CHIEF U.S. DISTRICT JUDGE**